IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01124-BNB

WALTER BOIGEGRAIN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF HEALTH
1375 Sherman Street, Denver, CO 80203,
JEFFERSON COUNTY DEPT. OF HEALTH & HUMAN SERVICES
900 Jefferson County Parkway, Golden, CO 80401,
UNITED STATES DEPARTMENT OF EDUCATION
Regional Office: 1244 N. Speer Blvd. #310, Denver, CO 80204
Civil Rights Complaints: 320 W. Colfax Ave., Denver, CO 80204
Federal Offset Unit: P.O. Box 5227, Greenville, TX 75403, and
U. S. SOCIAL SECURITY ADMINISTRATION,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 15 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Plaintiff Walter Boigegrain filed *pro se* on October 20, 2006, a motion titled "Motion for Reconsideration to Amend Court Order and Judgment of Dismissal" pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Mr. Boigegrain asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed on September 20, 2006. The Court must construe the motion to reconsider liberally because Mr. Boigegrain is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). **See id.** A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Boigegrain's motion, which was filed more than ten days after the Court's Order and Judgment of Dismissal filed on September 20, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice for failure to cure the designated deficiencies. The Court specifically determined that Mr. Boigegrain did not qualify for commencement of this action without prepaying of fees or security pursuant to 28 U.S.C. § 1915, and denied the **in forma pauperis** request. The reasons for the dismissal are discussed in detail in the order and judgment of dismissal filed on September 20, 2006. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Boigegrain fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion for reconsideration will be denied. Accordingly, it is

ORDERED that the motion titled "Motion for Reconsideration to Amend Court

Order and Judgment of Dismissal" that Plaintiff Walter Boigegrain filed *pro se* on October 20, 2006, and which the Court has construed liberally as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 14 day of November, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01124-BNB

Walter Boigegrain
12650 W. 64th Ave. #E204
Arvada, CO 80004

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  11/15/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk